E. B. MILLAR & COMPANY (A CORPORATION) v. CHARLES E. OLNEY AND JOHN G. SHIELDS, IMPLEADED WITH ABBIE ANTRIM AND JOSEPH HARTMAN.[1]

[See 69 Mich. 560.]

*Chattel mortgages—Trover—Payment—Costs.*

*Prior* mortgagees of a *portion* of the property covered by another chattel mortgage, duly filed, seized the *entire* property, which they refused to surrender to the other mortgagee, who brought trover for its value. Before the trial the mortgagor paid the plaintiff's claim, and the defendants thereupon interposed a plea setting up such payment, but did not pay or tender the costs of suit; and it is held that, to render their plea effective, such payment or tender should have been made, and a judgment for six cents damages and costs of suit in favor of the plaintiff is affirmed.

Case made from Kent. (Burch, J.) Argued April 16, 1890. Decided April 25, 1890.

Trover. Defendants Olney and Shields assign error. Affirmed. The facts are stated in the opinion, and in the former report of the case in 69 Mich. 560.

---

[1] Joseph Hartman and Abbie Antrim are the father and mother, respectively, of the members of the firm of Hartman & Antrim, and were also mortgagees of the property in dispute.

*Earle & Hyde,* for appellants, contended:

1. The plea of payment was a plea in bar, as though a plea of full payment had been interposed in the first instance, in which case, the truth of the plea being admitted, verdict and judgment must have passed for the defendants; citing Steph. Pl. 97, 98; *Grosslight v. Crisup,* 58 Id. 531; *Lithographing Co. v. Randall,* 78 Id. 195.

2. If the plaintiff, having but a limited interest, brings his action against one having the remaining interest, or against one claiming under such residuary owner, he can only recover according to his interest; citing *Fowler v. Gilman,* 13 Metc. 267; *Tenney v. Bank,* 20 Wis. 161; *Briggs v. Railroad Co ,* 6 Allen, 246; *Case v. Hart,* 11 Ohio, 364; *Peebles v. Railroad Co.,* 112 Mass. 498.

3. The holder of a lien seeking to enforce it, or who sues the owner or one claiming under him for conversion of the property, can only recover the value of his lien; citing *Bailey v. Godfrey,* 54 Ill. 507; *Sheldon v. Express Co.,* 48 Ga. 625; *Spoor v. Holland,* 8 Wend. 445; *Ward v. Henry,* 15 Wis. 239.

4. The interest of the plaintiff in the property having been fully paid before trial by the owners and mortgagors, it had no lien upon or interest in the goods it had declared upon, and could recover nothing, and Olney and Shields should have had judgment. But, even if plaintiff was entitled to judgment, it recovered less than $100, which was not reduced by set-off, and was not enough to carry costs; citing How. Stat. § 8964 (subd. 5); *Ladd v. Duncan,* 23 Mich. 285; *Bolio v. French,* 21 Id. 164; *Jeffery v. Hursh,* 58 Id. 247, 258; *Tolford v. Church,* 66 Id. 431.

5. If, after suit brought plaintiff receives from defendant the full amount claimed, with interest, without insisting on payment of costs, his right to costs is extinguished; citing *Bendit v. Annesley,* 42 Barb. 192, 27 How. Pr. 184.

*Turner, Carroll & Preston,* for plaintiff, contended for the doctrine stated in the opinion.

GRANT, J. The plaintiff had a chattel mortgage executed by Hartman & Antrim upon a stock of goods and other personal property. Defendants Olney and Shields also had a chattel mortgage upon the stock, but not upon the other personal property. Olney and Shields took possession, under their mortgage, of *all* the property.

Plaintiff made demand of possession, which was refused, and then brought this action for the conversion.

Plaintiff was a corporation doing business in Chicago. While this suit was pending, Hartman & Antrim paid to plaintiff the amount of its debt, which gave them a receipt stating that the account had been fully settled, and that it had no claim against the firm of Hartman & Antrim. Olney and Shields then interposed their plea *puis darrien continuance,* setting up this payment. The case was tried before the court without a jury. It was admitted that Olney and Shields seized, and refused to return to plaintiff on demand, goods of the value of $200, on which the plaintiff had a chattel mortgage, duly filed, and in which the defendants had no right or interest whatever. The court thereupon rendered judgment against the defendants for six cents damages, and costs of suit to be taxed.

Courts have held that, when a defendant has paid the plaintiff the amount of the debt due from him, and for which the suit was brought, and plaintiff has received it without insisting upon the payment of costs, his right to costs is extinguished. But that is not the case here. Olney and Shields had no control over the debt due to plaintiff from Hartman & Antrim. Olney and Shields were alone defending. They had no interest in nor right to the possession of the property, and were mere naked trespassers. Plaintiff had no claim against Hartman & Antrim for the costs of the suit, for they were in no manner responsible for the wrongful act of Olney and Shields in seizing the property. A tender by Hartman & Antrim to plaintiff of the full amount of principal and interest due would have stopped the running of interest, and discharged the lien, regardless of this suit. Plaintiff, in order to protect its rights, was compelled, not by Hartman & Antrim, but by Olney and Shields, to bring

this suit.   The defendants were liable to plaintiff for the costs; and, in order to render their plea effective, should at some time have tendered or offered to pay the costs up to the time of filing the plea.

Judgment affirmed, with costs.

The other Justices concurred.